# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Rickie Hill, | Case No.: 2:21-cv-01361-APG-DJA |
| Plaintiff | **Screening Order** |
| v. | |
| Lundgren, | |
| Defendant | |

Plaintiff Rickie Hill, who is in the custody of the Nevada Department of Corrections (NDOC), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed in forma pauperis.[1]  The matter of the filing fee will be temporarily deferred.  I now screen Hill's civil-rights complaint under 28 U.S.C. § 1915A.

## I.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.[3]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who

---

[1] ECF Nos. 1, 1-1.

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

1  are immune from suit or claims of infringement of a legal interest that clearly does not exist, as

2  well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

3        Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot

4  prove any set of facts in support of the claim that would entitle him or her to relief.[5]  In making

5  this determination, the court takes all allegations of material fact as true and construes them in

6  the light most favorable to the plaintiff.[6]  Allegations of a *pro se* complainant are held to less

7  stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more

8  than mere labels and conclusions.[8]  "While legal conclusions can provide the framework of a

9  complaint, they must be supported with factual allegations."[9]  "Determining whether a complaint

10  states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court

11  to draw on its judicial experience and common sense."[10]

12  **II.    SCREENING OF COMPLAINT**

13        Hill sues a single defendant for events that allegedly occurred on February 8, 2021, while

14  he was incarcerated at High Desert State Prison.[11]  Hill sues Lundgren in his official and

15  individual capacities and seeks monetary and injunctive relief.[12]  Hill alleges that he was in his

16

---

17  [4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

18  [5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

19  [6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

20  [7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

21  [8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

   [9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

22  [10] *Id.*

23  [11] ECF No. 1-1 at 1–2.

   [12] *Id.* at 2, 9.

cell around 2:30 p.m. when correctional officer Lundgren walked up and threatened that if Hill did not expose his penis to Lundgren and masturbate himself, then Lundgren would make sure that Hill would not eat for the rest of the day.[13]  Hill unwillingly complied and Lundgren vulgarly praised Hill throughout the incident.  Lundgren threatened to give Hill's mail to his enemies—thereby providing Hill's family members' addresses to other prisoners—if Hill snitched about the incident.

Hill twice tried to file a grievance about the incident but was denied a form each time. He delayed filing a grievance because he was afraid of retribution.  But he eventually filed a grievance about the incident.  The incident was traumatic and caused Hill to have "several dozen nightmares" and develop a distrust for NDOC staff overall.[14]  I construe Hill's complaint as alleging a claim under the Eighth Amendment for sexual assault, abuse, or harassment.

A.    **Eighth Amendment sexual assault, abuse, or harassment**

"The Eighth Amendment prohibits cruel and unusual punishment in penal institutions."[15] Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society."[16]  "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."[17]  In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently

---

[13] *Id.* at 4.

[14] *Id.*

[15] *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012).

[16] *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

[17] *Wood*, 692 F.3d at 1046 (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)).

culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation.[18]

Where there is no legitimate penological purpose for a prison official's conduct, courts presume malicious and sadistic intent.[19]  Sexual contact between a prisoner and a prison guard serves no legitimate role and "is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'"[20]  In sexual contact cases, there is no lasting physical injury requirement because the only requirement is that the officer's actions be offensive to human dignity.[21]  But the Eighth Amendment's protections do not generally extend to mere verbal sexual harassment.[22]  A "prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner."[23]

Based on the allegations, Lundgren threatened to deprive Hill of food for the rest of the day if Hill did not expose himself and masturbate in front of Lundgren.  When Hill unwillingly complied, Lundgren threatened to expose Hill's family members' addresses to Hill's enemies if he complained.  These allegations are sufficient to state a colorable claim for sexual assault,

---

[18] *Id*. (quoting *Hudson*, 503 U.S. at 8).

[19] *Id*. at 1050.

[20] *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[21] *Schwenk*, 204 F.3d at 1196.

[22] *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

[23] *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

1  abuse, or harassment under the Eighth Amendment.  So Claim 1, Eighth Amendment sexual

2  assault, abuse, or harassment, can proceed against Lundgren.

3        **B.**      **This case will not be referred to the Inmate Early Mediation Program**

4        The District of Nevada's Inmate Early Mediation Program is designed to save resources

5  by referring the parties in some prisoner civil-rights cases to mediation.  Of course, defendants in

6  such cases have the right not to make any settlement offers, and plaintiffs have the right not to

7  accept settlement offers.  And the court may choose not to refer a case to mediation to preserve

8  limited judicial resources.

9        Hill, who has filed many cases against employees of the NDOC, recently attended

10  multiple inmate mediations with representatives of the Office of the Attorney General.[24]  Hill

11  also has at least one more mediation scheduled with a representative of the Office of the

12  Attorney General.[25]  This case is against an employee of the NDOC.  Given the court's limited

13  resources, and the fact that these parties have already engaged in numerous mediation sessions, it

14  would not be a productive use of the court's resources to set this case for a mediation session.

15        I will, however, stay this case for 60 days so that the parties can engage in settlement

16  discussions before the $350.00 filing fee is paid, an answer is filed, or the discovery process

17  begins.  During these 60 days, the parties are free to discuss settling this case privately or during

18  a currently scheduled mediation session, but they are not required to do so.  If the parties have

19  not reached a settlement within 60 days, I will assess the filing fee and put this case on a standard

20  litigation track.

21  / / / /

22

---

23  [24] *See, e.g.*, 3:20-cv-00495-MMD-WGC; 2:20-cv-01655-KJD-DJA; 2:20-cv-01659-RFB-EJY.

[25] *See* 2:20-cv-01745-KJD-BNW, at ECF No. 12 (scheduling mediation for January 28, 2022).

### III.     CONCLUSION

I therefore order that a decision on the application to proceed in forma pauperis (ECF No. 1) is deferred.

I further order the Clerk of the Court to file the complaint (ECF No. 1-1) and send Hill a courtesy copy.

I further order that Claim 1, Eighth Amendment sexual assault, abuse, or harassment, may proceed against Lundgren.

I further order that, given the nature of the claim that I have permitted to proceed, this case is stayed for 60 days to allow the parties an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins.

I further order the Clerk of the Court to electronically serve a copy of this order and the complaint (ECF No. 1-1) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

I further order that if this case is not settled in 60 days, the court will assess the filing fee and place this case on a standard litigation track.

Dated: December 29, 2021

_____
U.S. District Judge